**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**KIRBY DEVELOPMENTS LLC,**

        **Plaintiff,**

    **v.**
                                **Civil Action 2:18-cv-500**
                                  **Judge Sarah D. Morrison**
                                  **Magistrate Judge Jolson**

**XPO GLOBAL FORWARDING,**
**INC., et al.,**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Fox, Byrd & Company, P.C.'s Motion for an Order Regarding the Production of Its File for Jason Adkins, Rebekah Adkins and/or Their Related Corporate Entities (Doc. 126). For the reasons that follow, the Motion is **GRANTED**. Defendant Fox, Byrd & Company, P.C. ("Fox") is **ORDERED** to produce the documents requested in Plaintiff's Requests for Production of Documents Directed to Defendant Fox, Byrd & Company, P.C. (Doc. 126-1 at 3–9).

## I.    BACKGROUND

The Court has previously summarized this case's background in its November 20, 2018 Opinion and Order (Doc. 47). "This case arises out of an alleged fraudulent scheme involving the sale of off-the road mining tires ('OTR Tires')." (*Id.* at 2). Defendant Adkins is the principal of Defendant Midwest Coal, LLC ("Midwest"). (Doc. 91, ¶ 24). In November 2015, Plaintiff and Defendant Midwest entered into an agreement to buy and resell OTR Tires (the "OTR Agreement"). (*Id.*, ¶¶ 34–37).

Relevant here, Defendant Fox is an accounting firm that drafted a series of financial

documents and tax returns on behalf of Defendant Midwest and Defendant Adkins and his wife. (*Id.*, ¶¶ 21, 29, 164). Plaintiff allegedly relied on those financial records when entering into the OTR Agreement. (*Id.*, ¶ 164). Defendant Fox purportedly knew or should have known that the financial records it prepared were false or otherwise inaccurate, and Plaintiff asserts its reliance on those records was predictable. (*Id.*, ¶¶ 166–67). As a result, Plaintiff brings two claims against Defendant Fox:

> (1) a negligence and/or negligent misrepresentation claim asserting that Fox Byrd was negligent in preparing the financial documents and tax returns upon which Kirby relied; and (2) a civil conspiracy claim against all defendants, including Fox Byrd, Midwest, and Jason Adkins, centering around a mutual understanding to create false documents that ultimately induced Kirby to wire $6,691,000.00 for the purchase of tires from an established dealer (Defendant Mid America Tires) that were supposedly being stored and protected at a global logistics company in Texas (Defendants XPO Global Forwarding, Inc. and XPO Logistics, Inc).

(Doc. 129 at 2 (citing Doc. 91, ¶¶ 163–68, 170)).

After the filing of the Amended Complaint, Plaintiff served Defendant Fox with a set of Requests for Production of Documents that requested production of the financial records it prepared on behalf of Defendant Midwest and Defendant Adkins and his wife. (Doc. 126-1 at 3–9). Defendant Fox sought Defendant Adkins' consent to the production of those records, which Defendant Adkins denied. (*Id.* at 10–16). Consistent with its obligations under federal law, *see* 26 U.S.C. § 7216, Defendant Fox filed the instant Motion. Plaintiff filed a Brief Addressing Fox, Byrd & Company P.C.'s Document Production (Doc. 129) explaining why the Court should order the production of the requested documents. The Motion is ripe for resolution.

## II.    DISCUSSION

Federal law makes it illegal for:

> [a]ny person who is engaged in the business of preparing, or providing services in connection with the preparation of, returns of the tax imposed by chapter 1, or any person who for compensation prepares any such return for any other person, and

who knowingly or recklessly

> (1) discloses any information furnished to him for, or in connection with, the preparation of any such return, or

> (2) uses any such information for any purpose other than to prepare, or assist in preparing, any such return[.]

26 U.S.C. § 7216(a). But that general rule has exceptions, including when "such disclosure is made … pursuant to an order of a court." *Id.*, § 7216(b)(1)(B).

As Plaintiff notes, (Doc. 129 at 3), at least one court in this district has applied the exception and ordered the disclosure of financial information similar to what Plaintiff seeks here. *See McGirr v. Rehme*, No. 16-464, 2018 WL 3708357, at *7 (S.D. Ohio Aug. 3, 2018) (compelling disclosure of relevant tax returns because although 26 U.S.C. § 7216 precludes disclosure, it also "provides exceptions to this preclusion; one of which is when disclosure of the documents is required by court order"). Courts across the country have done likewise. *See, e.g.*, *Ringdahl v. Afsharjavan*, No. 8:18-CV-01006-PX, 2019 WL 2270693, at *4 (D. Md. May 24, 2019) ("Ringdahl alternatively argues that the Court should grant his motion because to do otherwise would require Eaglestone to violate laws that prohibit tax preparers from disclosing information received while preparing tax returns. However, these statutes permit disclosure of such information 'pursuant to an order of a court.' Accordingly, to the extent Eaglestone must produce documents consistent with this Court's opinion and the subpoena, it has received the protection of doing so as ordered by the Court."); *Shanshan Shao v. Beta Pharma, Inc.*, No. 3:14-CV-01177(CSH), 2017 WL 1752932, at *4 (D. Conn. May 4, 2017) (ordering production of federal tax returns "because production of these tax returns and related documents clearly satisfies the requirements of the two-pronged '*Cooper* rule' first articulated by Judge Weinfeld").

Plaintiff also notes that "it appears the Court has not specifically provided what factors it

will consider in providing such an order." (Doc. 129 at 3). As best the Court can tell, Plaintiff is correct. Court within this district have not provided guidance, but courts outside this district routinely have applied the test first articulated in *Cooper v. Hallgarten & Co.*, 34 F.R.D. 482, 483–84 (S.D.N.Y. 1964), when deciding whether disclosure is appropriate under 26 U.S.C. § 7216(b)(1)(B). *See, e.g.*, *Denoon v. Sokoloff*, No. 17 CIV. 7178, 2018 WL 1627290, at *1 (S.D.N.Y. Mar. 22, 2018); *Shanshan Shao*, 2017 WL 1752932, at *2; *Potluri v. Yalamanchili*, No. CIV.A. 06-CV-13517, 2007 WL 2571980, at *3 (E.D. Mich. Sept. 4, 2007). The *Cooper* rule provides that "the production of tax returns should not be ordered unless": (1) "it clearly appears they are relevant to the subject matter of the action or to the issues raised thereunder, and" (2) "there is a compelling need therefor[e] because the information contained therein is not otherwise readily obtainable." *Cooper*, 34 F.R.D. at 483–84. Plaintiff relies on that test in its briefing, and so does the Court.

First, the financial records Plaintiffs seek are undeniably relevant to the subject matter of this action. Plaintiff brings two claims against Defendant Fox related to their preparation of those records. (*See* Doc. 91, ¶¶ 163–74). Plaintiff alleges that Defendant Fox "was negligent in preparing and providing [Defendant Midwest's] financial records upon which [Plaintiff] relied" and that Defendant Fox "knew or reasonably should have known that the financial records it prepared were false or otherwise inaccurate." (*Id.*, ¶¶ 165, 167). The records themselves are the best evidence of whether these allegations are true. And they are similarly relevant to Plaintiff's claim that Defendant Fox conspired with its Co-Defendants "to create false documents and communications purportedly evidencing an OTR Tire transaction to induce Kirby to enter into the OTR Agreement and wire $6,691,000.00 to LAD." (*Id.*, ¶ 170; *see also id.*, ¶¶ 169–74).

Second, the requested records are not otherwise readily obtainable from sources other than

Defendant Fox.  The most obvious source to request these records from is Defendant Adkins, but he has testified that he does not possess any documents responsive to the two subpoenas served on him.  (*See* Doc. 129-1 at 2–3).  The Court is unaware of any other sources from which Plaintiff could otherwise obtain this information.  Thus, the two-prong *Cooper* test is satisfied here.

To the extent Defendant Fox requests guidance on whether those records should be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," Defendant Fox is in the best position to make that determination in the first instance.  This is true because the Court is not in possession of the relevant documents and cannot offer guidance in the abstract.  The Stipulated Protective Order provides Defendant Fox with the necessary guidance, (*see* Doc. 61, ¶ 3), and the Court is confident in Defendant Fox's ability to make individualized confidentiality designations in good faith.

## III.  CONCLUSION

For the foregoing reason, the Motion is **GRANTED**.  Defendant Fox is **ORDERED** to produce the documents requested in Plaintiff's Requests for Production of Documents Directed to Defendant Fox, Byrd & Company, P.C. (Doc. 126-1 at 3–9).

IT IS SO ORDERED.


Date:   October 29, 2019                          /s/ Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE