# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Kirby Developments LLC,

    Plaintiff,

v.

XPO Global Forwarding, Inc., *et al.*,

    Defendants.

Case No. 2:18-cv-500

Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## OPINION & ORDER

Defendants/Cross-claim Plaintiffs XPO Global Forwarding, Inc. and XPO Logistics, Inc. (collectively "XPO") presently move to dismiss and strike portions of Defendant Afif Baltagi's Answer (ECF No. 150) to XPO's cross-claim against him pursuant to Fed. Rs. Civ. P. 12(b)(6) and 12(f). (ECF No. 158.) The motion is unopposed.

Mr. Baltagi's Answer relevantly provides:

> In response to XPO's false allegations against me in cross claims 181 to 236 below is my response:
>
> 1. I Deny all allegations against me that claim that I had anything to do with any type of fraudulent scheme that Jason Adkins and anyone else might have been involved with.
>
> 2. I Deny breaching any type of confidentiality agreement.
>
> 3. I deny making any false or misleading statement to Kirby or anyone else.
>
> 4. I deny secretly working with Adkins or anyone else in any wrongdoing.
>
> 5. I have been and continue to be damaged by XPO's false accusations, assumptions without proof beyond a reasonable doubt, and defamation of character that has caused me my reputation, thus affecting my ability to find a job and has jeopardized and negatively affected my family that includes 4 children.

> **PRAYER FOR RELIEF**
>
> WHEREFORE, Cross claim respondent Afif Baltagi, demands judgement as follows:
>
> 1. For Compensatory damages against XPO on all causes of actions in an amount that I, Afif Baltagi, will prove at trial;
> 2. For indemnification and/or contribution for any and all sums for which I, Afif Baltagi, may be adjudicated as liable to Plaintiff;
> 3. For all of my personal expenses incurred in prosecuting this cross claim response;
> 4. All other relief either in law or equity to which I, Afif Baltagi, may be entitled.
>
> Judge George C Smith/Magistrate Judge Kimberly A Jolson:
>
> Let it be known to this court and as a reminder to Kirby and XPO that the guilty parties in this whole case have been indicted in a criminal court of law. Their depositions have been taken and are available for all to access.
> Please excuse my lack of professionalism and lack of correct verbiage but I'm having to represent myself in this matter.
> I kindly ask the court to please consider all the real facts and evidence and allow me to be dismissed from this case. It's unfortunate what happened to the Paintiff but it has nothing to do with me.

(ECF No. 150.) XPO first focuses on the section of the Answer demanding judgment "for compensatory damages against XPO on all causes of actions . . . ." *Id*. In particular, XPO states that if the Court interprets that language as asserting as a counterclaim for damages against XPO, then that counterclaim is subject to dismissal under Fed. R. Civ. P. 12(b)(6) because Baltagi fails to provide any facts to state a plausible claim for relief within his Answer. (ECF No. 158 at 3.)

The Court need not engage in a Fed. R. Civ. P. 12(b)(6) analysis because the Court does not read Baltagi's Answer to assert any claims. While recognizing the liberal construction afforded to *pro se* filings, the Court notes the absence of any specified legal basis for damages within the Answer. *See Allen v. Helton*, No. 17-6011, 2018 U.S. App. LEXIS 21308, at *3 (6th Cir. July 31, 2018). This section of the motion is therefore **MOOT**.

Additionally, XPO seeks to strike paragraph five of the Answer, which provides that Baltagi has been damaged by "XPO's false accusations, assumptions without proof beyond a reasonable doubt, and defamation of character that has caused [him his] reputation. . . ." (ECF No. 158 at 3) (quoting ECF No. 150). XPO does not contend that this language serves to assert a claim. Instead, XPO argues that the highlighted verbiage must be struck as "immaterial and

2

impertinent" pursuant to Fed. R. Civ. P. 12(f). *Id*. The rule permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Such motions serve to "'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co*., 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (quotation and citation omitted). "A motion to strike should be granted if 'it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings.'" *Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co*., 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Williams v. Jader Fuel Co*., 944 F.2d 1388, 1400 (7th Cir. 1991) (citations and internal quotation marks omitted)). Nevertheless, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324*, 783 F.3d at 1050.

The Court reaches the typical disposition here. That is, the Court **DENIES** the motion to strike because the quoted language is neither immaterial nor impertinent but rather serves as a denial of XPO's cross-claims. Under these circumstances, the Court cannot conclude that "it appears to a certainty" that XPO would succeed under any facts proved in support of the defense that are inferable from the pleadings.

In conclusion, the Court holds that XPO's Motion to Dismiss is **MOOT** and that XPO's Motion to Strike is **DENIED**. (ECF No. 158.)

**IT IS SO ORDERED**.

                                              /s/ Sarah D. Morrison
                                              **SARAH D. MORRISON**
                                              **UNITED STATES DISTRICT JUDGE**